BENJAMIN F. WOODBURY, in Equity,

*vs.*

THE PORTLAND MARINE SOCIETY, and others.

Cumberland.    Opinion May 10, 1900.

*Equity.    Former Suit.    Laches.    De Minimis.*

In a former suit in equity where the facts were substantially the same as in this case, except dates and amounts, praying the court to restrain the defendant society from contracting for a dinner or enjoin payment therefor from the funds of the society, the court dismissed the bill.

Upon a second bill praying that the treasurer of the society may be ordered to pay to the defendant company the money paid out by him from its funds for such dinner, *held;* that the decision and judgment of the court in the former suit between the parties is a bar to this case.

*Also;* that there is no error in the conclusions of law by the justice in the first instance who heard this case, which are as follows:

"Without deciding that such expenditures come within the scope and purpose for which said society was incorporated, in view of the decision of a similar question in a bill in equity between the same parties in relation to a dinner held by the society in the year 1895, and in view of the lapse of time between such expenditures and the commencement of this proceeding, and the comparatively small amount of the expenditure involved, it is considered by the court that this particular bill, under the circumstances, should not be sustained; and I therefore decide that the bill be dismissed with costs."

See *Woodbury* v. *Portland Marine Soc.*, 90 Maine, 17.

IN EQUITY.    ON APPEAL BY PLAINTIFF.

The case is stated in the opinion.

*Eben Winthrop Freeman,* for plaintiff.

Equity jurisdiction:    2 Morawetz Priv. Corp. § 1042; Clark Corp. § 62; *Brinckerhoff* v. *Bostwick,* 88 N. Y. 52; *Russell* v.

*Wakefield,* L. R. 20 Eq. 479; Kerr on Injunctions, 567, § 11; 1 Lewin on Trusts, 530, § 9, and cases: 2 High, Injunctions, §§ 1224, 1226, 1229; 2 Mass. Spec. Laws, p. 72, of February, 1796; *Converse* v. *Transportation Co.,* 33 Conn. 180; *Franklin Company* v. *Lewiston Savings Bank,* 68 Maine, 44; Brightley's Federal Digest, citing *Humphreville Copper Co.* v. *Sterling,* 1 West L. Mo. 126; *Beaty* v. *Knowler,* 4 Pet. 152; (S. C. 1 McL. 41); *Perrine* v. *Chesapeake & Del. Canal Co.,* 9 How. 172; *Farnum* v. *Blackstone Canal Co.,* 1 Sum. 46; *Bank of Augusta* v. *Earle,* 13 Pet. 519; *Tombigbee R. R. Co.* v. *Kneeland,* 4 How. 16; *Runyan* v. *Coster's Lessee,* 14 Pet. 122; *Dartmouth College* v. *Woodward,* 4 Wheat. 518; *Byrne* v. *Schuyler's Electric Manfg. Co.,* 65 Conn. 336; *Farrell* v. *Railroad Co.,* 61 Conn. 127, (21 Atl. Rep. 757); *Inhab. of Berlin* v. *Inhab. of New Britain,* 9 Conn. 175; 2 Kent. Com. 298; *Ins. Co.* v. *Ely,* 5 Conn. 560; *Mechanics, etc., Ass'n* v. *Meriden Agency Co.,* 24 Conn. 159; *Sumner* v. *Marcey,* 3 Woodb. & M. 112, (Fed. Cases No. 13,609); Endl. Interp. Stat. § 354; Suth. St. Const. § 325; Angell & Ames Corp. § 343; Clark on Corp. § 62, p. 163, 164; Am. & Eng. Ency. (2nd Ed.) 695; *Hood* v. *N. Y. & N. H. R. R.* 22 Conn. 1; *People* v. *Chicago Gas Trust Co.,* 130 Ill. 283, (17 Am. St. Rep. 319); *Buffitt* v. *Troy, etc., R. Co.,* 40 N. Y. 176; Am. & Eng. Ency. Law, 700, and notes; 1 Mor. Priv. Corp. § 494; R. S., c. 46, § 1; Ang. & Ames Corp. § 325; *Railroad Co.* v. *Kendall,* 31 Maine, 470; *Frame-Work Knitters* v. *Greene,* 1 L. Raym. 113; *Carter* v. *Sanderson,* 5 Bing. 79; *Master, etc., of Scriveners* v. *Brooking,* 3 Q. B. 95; *Fullam* v. *Stearns,* 30 Vt. 454.

Judicial discretion in equity as distinguished from vested rights in a plaintiff: 9 Am. & Eng. Ency. Law, 473, and cases; *Woodbury* v. *Gardner,* 77 Maine, 68; *Rockland* v. *Water Co.,* 86 Maine, 57; *Neves* v. *Scott,* 13 How. 268; *Savings Inst.* v. *Makin,* 23 Maine, 360; *Tripp* v. *Cook,* 26 Wend. 152; *Platt* v. *Munroe,* 34 Barb. 293; 2 Minor's Inst. 784; *Faber* v. *Bunner,* 13 Mo. 543; 11 Cent. L. J. 506; 17 Am. Law Rev. 569.

Scope of equity under prayer for general relief: Story's Equity Pleadings (10th ed.) 41, § 42; *Winslow* v. *Nayson,* 113 Mass. 411;

*Franklin* v. *Greene*, 2 Allen, 519; *Creely* v. *Bay State Brick Co.*
103 Mass. 514; *Milkman* v. *Ordway*, 106 Mass. 232; *Brown* v.
*Gardner*, Harring. Ch. 291; *Carroll* v. *Rice*, Walk. Ch. (Mich.)
373; *Folkerts* v. *Power*, 42 Mich. 283; *Miller* v. *Stepper*, 32 Mich.
194; *McKim* v. *Odom*, 12 Maine, 106; *Scudder* v. *Young*, 25
Maine, 153; *Hiern* v. *Mill*, 13 Ves. 119; *Hobson* y. *McArthur*,
16 Pet. 195; *Burleigh* v. *White*, 70 Maine, 135; *Snowman* v. *Har-
ford*, 55 Maine, 197; *Denton* v. *Stuart*, 1 Cox Ch. 258; *Blore* v.
*Sutton*, 3 Mer. 243; *Woodman* v. *Freeman*, 25 Maine, 544; *Phil-
lips* v. *Thompson*, 1 Johns. Ch. 131; *Parkhurst* v. *Van Courtlandt*,
Ib. 273; *Durant* v. *Durant*, 1 Cox's Eq. 58; *Bailey* v. *Burton*, 8
Wend. 339; *Allen* v. *Woodruff*, 96 Ill. 19; *English* v. *Foxall*, 2
Pet. 596; *Lee* v. *Patten*, 34 Fla. 149; *Pennoch* v. *Ela*, 41 N. H.
192; 3 Ency. Pdg. & Pr. 348; *Grimes* v. *French*, 2 Atk. 141;
*Hill* v. *G. N. R. R.* 5 DeG. M. & G. 56; 1 Dan. Ch. Pldg. & Pr.
384; *Atty. Genl.* v. *Jeanes*, 1 Atk. 355.

*H. and J. W. Knowlton*, for defendants.

Plaintiff has not sufficient interest to support the suit.  *Female
Assoc.* v. *Beekman*, 21 Barb. 565.

Plaintiff is not properly in court; having neither a legal nor
equitable interest in the subject matter of the suit, cannot main-
tain the bill.  Objection may be taken by demurrer or at the
hearing.  *Haskell* v. *Hilton*, 30 Maine, 419; *Crocker* v. *Rogers*, 58
Maine, 342.

Trustees must be allowed reasonable discretion in the manage-
ment of their trust, and are only required to conduct themselves
faithfully and exercise sound discretion.  *Lovell* v. *Minot*, 20 Pick.
119; *Harvard College* v. *Amory*, 9 Pick. 446.

A suit for improper appropriation of the funds held in trust by
the association by its treasurer, being a public fund, must be
brought in behalf of the public by the proper prosecuting officer or
by the association.  Plaintiff cannot bring bill in his own name
and have judgment in favor of another.  The judgment of the
court cannot be substituted for the discretion of the trustee reason-
ably and fairly exercised.  *Proctor* v. *Heyer*, 122 Mass. 525;
*Amory* v. *Green*, 13 Allen, 413; *Walker* v. *Shore*, 19 Ves. 332.

There is no rule in law or equity whereby damage could be computed in case of judgment for the plaintiff.

Appellant must show decree appealed from clearly wrong, otherwise it will be affirmed. The burden to show error falls upon appellant. *Berry* v. *Berry*, 84 Maine, 541, and cases; *Hartley* v. *Richardson*, 91 Maine, 424.

Co-trustees or executors, even though numerous, are regarded in law as but one person. Perry on Trusts, 411.

SITTING: EMERY, HASKELL, STROUT, SAVAGE, FOGLER, JJ.

FOGLER, J. This is a bill in equity and comes to this court upon appeal by the complainant from the decree of the sitting justice who heard the case, dismissing the bill. The complainant, as a member of the Portland Marine Society, brings the bill against that corporation and its treasurer. The prayer of the bill is that the treasurer of that society, William Leavitt, one of the defendants, be ordered by the court to pay to said Portland Marine Society certain sums of money paid by him out of the funds of the society, on or about the sixth day of January, 1894, for a dinner provided by vote of the society to its members and others, January 5, 1894. The bill also contains a prayer for general equitable relief.

The history of the society and its purposes are fully stated in the case of *Woodbury* v. *Portland Marine Society*, 90 Maine, 17, and it is unnecessary to repeat them here. The justice who heard this case and from whose decree, dismissing the bill, this appeal is taken, found the facts to be substantially as follows: On the fifth day of January, A. D. 1894, the society held a dinner at the Falmouth Hotel in the city of Portland, the expense thereof amounting to $136.95, which was paid by the respondent, Leavitt, in his capacity as treasurer of the society and out of money of the society in his possession as such treasurer.

At a meeting of the society held on the 19th day of December, A. D. 1893, the proposition was made to have such a dinner in the January then following, which resulted, after discussion, in a vote of 12 in favor of the proposition and 4 against it, as shown by the

records of the society, a copy of which appears in the plaintiff's evidence.

At a meeting of the society held on the 20th of March, A. D. 1894, the complainant presented the following motion: "I move that the treasurer of the society be instructed to refund to the society the amounts paid from the treasury for the expenses of the banquet of the members of the society held on the fifth day of January, A. D. 1894, at Falmouth Hotel." This motion was defeated by a vote of two in favor to eight against. And at a meeting of the society held on September 18, 1894, the complainant moved that proper steps be taken by the society to recover for its use certain funds taken from its treasury for the expenses of the dinner held at the Falmouth Hotel in Portland, January 5, A. D. 1894, which motion was indefinitely postponed by a vote of eight in favor of such indefinite postponement to two against.

The pamphlet containing the act of incorporation of the society and its by-laws is made a part of this finding for the purpose of showing the purposes for which said society was incorporated and its by-laws.

This bill in equity, asking that the funds used by the treasurer to pay the expenses of such dinner be restored to the treasurer, is dated November 4, A. D. 1897.

The sitting justice filed the following conclusions of law, viz: "Without deciding that such expenditures come within the scope and purpose for which said society was incorporated, in view of the decision of a similar question in a bill in equity between the same parties in relation to a dinner held by the society in the year 1895, and in view of the lapse of time between such expenditures and the commencement of this proceeding, and the comparatively small amount of the expenditure involved, it is considered by the court that this particular bill, under the circumstances, should not be sustained and I therefore decide that the bill be dismissed with costs, a decree to which effect will be signed by me upon presentation thereof."

The case of *Woodbury* v. *Portland Marine Society*, supra, is decisive of the case at bar. The parties to this suit are the same

as in the case above cited, except that in the former suit, the president of the society is made a party defendant. The facts found in the two cases, except as to dates and amounts, are substantially identical.

In the former case, the complainant, a member of the society, prayed the court to restrain the society from contracting for a dinner for its members upon a certain occasion in February, 1895, or to enjoin payment for the same from the funds of the society, if already contracted for. The court dismissed the bill. In the case at bar the same complainant, a member of the society, prays that the treasurer of the society be ordered to pay the society money paid by him out of the funds of the society for a like dinner furnished in January, 1894, by vote of the society.

In view of the opinion and decision of this court in *Woodbury* v. *Portland Marine Society*, supra, we perceive no error in the conclusions of law filed by the justice who heard this case, nor any reason why the decision and judgment of this court, in said former suit between the parties, should not be followed in the case at bar.

<div align="right">

*Appeal dismissed.*

*Decree affirmed with additional costs.*